## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DOCKETED
AUG X9 2004

| | | |
|---|---|---|
| STEALTH INDUSTRIES, INC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04 C 3049 |
| v. | ) | |
| | ) | Judge Coar |
| GEORGE BRETT & BRETT BROTHERS | ) | Mag. Judge Mason |
| SPORTS INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

FILED
AUG - 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### NOTICE OF FILING

To :   Robert Weiner, Esq.
Robert N. Weiner, P.C.
466 Central Ave., Ste. 34
Northfield, Illinois 60093

On **August 4, 2004,** we caused to be filed with the clerk of the United States District Court for the Northern District of Illinois, Eastern Division, the attached **Answer and Affirmative Defenses to Plaintiff's Complaint**, a copy of which is enclosed and served upon you.

Best Vanderlaan, & Harrington
25 E. Washington St., Suite 210
Chicago, Illinois 60602
(312) 819-1100

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused to be served the foregoing document(s) with enclosures referred to therein, if any, by mailing copies to the attorney(s) of record by depositing same into the U.S. Mail, with proper postage prepaid, at 25 E. Washington St., Chicago, IL 60602, on this __4__ day of _August_____, 2004.



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION



| | |
|---|---|
| STEALTH INDUSTRIES, INC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04 C 3049 |
| v. ) | |
| ) | Judge Coar |
| GEORGE BRETT & BRETT BROTHERS ) | Mag. Judge Mason |
| SPORTS INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

NOW COME the Defendants, GEORGE BRETT and BRETT BROTHERS SPORTS

INTERNATIONAL, INC., by and through their attorney, James F. Best of Best, Vanderlaan &

Harrington, and for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as

follows::

### Count I

1.      Plaintiff Is a Corporation with its principal place of business In Chicago, Illinois.

**ANSWER:**     Defendants lacks sufficient knowledge and information to form a belief as

to the allegations of paragraph one.


2.      Defendant. is an individual and Corporation with its principal place of business in

Spokane, Washington. Defendant is regularly engaged in business in the Northern District of

Illinois and operates a web site known as <www.brettbats.com> and does business upon

information and belief as STEALTH.

1



**ANSWER:**   Defendants admit that George Brett is an individual and Brett Brothers

Sports International, Inc. (hereafter "Brett Bros.") is a corporation.

Defendants admit that Brett Bros.' principal place of business is located in

Spokane, Washington and that Brett Bros. operates the website

"www.bretbats.com." Defendants deny the remaining allegations in

paragraph 2.

3.      Jurisdiction of this Court is invoked pursuant to Title 15, United States Code,

section 1121, and Title 28, United States Code, sections 1231, 1332, 1338.

**ANSWER:**   Defendants admit that Plaintiff asserts a cause of action for violation of the

Trademark Act and that this Court has jurisdiction to hear trademark

infringement claims. Further answering, Defendants deny that Plaintiff

has stated a cause of action for trademark infringement under the

trademark laws, 28 U.S.C. § 1051 et seq.

4.      Venue is proper in this Court because this is a district in which all parties

regularly engage in business.

**ANSWER:**   Defendants admit that venue is proper in this court with respect to

Defendant Brett Bros. Sports International, Inc. and deny the remaining

allegations in paragraph 4.

5.      Plaintiff has been and continues to be engaged in the business of marking,

2

promoting, licensing and selling in interstate commerce a broad range of goods listed on the

attached list of Federal Registrations, under the mark STEALTH.

**ANSWER**: Defendants deny the allegations in paragraph 5.

6. Plaintiff has used the designation STEALTH as a trade name and trademark to

identify its products and business continuously since as early as 1982.

**ANSWER**: Defendants deny the allegations in paragraph 6.

6.1 Plaintiff engages in the promotion and licensing of its well known STEALTH

brand through its web site, www.rentamark.com.

**ANSWER**: Defendants deny the allegations in paragraph 6.1.

7. Plaintiff holds rights to the following registrations:

    (a) Registration No. 1,332,378 Mark: STEALTH

    (b) Registration No. 1,434,642 Mark: STEALTH

    (c) Registration No. 1,717,010 Mark: STEALTH

    (d) Registration No. 1,766,806 Mark: STEALTH

    (e) Registration No. 1,846,182 Mark: STEALTH

    (f) Registration No. 1,867,087 Mark: STEALTH

    (g) Registration No. 1,947,145 Mark: STEALTH TECHNOLOGY

    (h) Registration No. 2,007,348 Mark: STEALTH SQUAD

    (i) Registration No. 2,024,889 Mark: THE STEALTH

(j)     Registration No. 2,025,156 Mark: STEALTH

(k)     Registration No. 2,074,780 Mark: STEALTH

(l)     Registration No. 2,227,069 Mark: STEALTH

(m)     Registration No. 2,269,113 Mark: STEALTH ASSAULT

(n)     Registration No. 2,272,891 Mark: STEALTH

(o)     Registration No. 2,325,054 Mark: STEALTH 9MM

(p)     Registration No. 2,325,054 Mark: STEALTH 9MM SHADOW

(q)     Registration No. 2,330,467 Mark: STEALTH

(r)     Registration No. 2,403,775 Mark: STEALTH

(s)     Registration No. 2,439,735 Mark:STEALTH

(t)     Registration No. 2,439,735 Mark: STEALTH

(u)     Registration No. 2,433,330 Mark: STEALTH

(v)     Registration No. 2,497,857 Mark: STEALTH SPRAY

(w)     Registration No. 2,497,858 Mark: STEALTH SOAP

(x)     Registration No. 2,505,698 Mark: STEALTH

(y)     Registration No. 2,523,745 Mark: STEALTH

See attached list of Registrations, marked as Exhibit A.

**ANSWER**:     Defendants are without knowledge and information sufficient to form a

belief as to the truth of the averments in paragraph 7, and therefore deny

the same.

8.     On about March 18, 1993, Registration No; 1,332,378 for the trademark

4

STEALTH, for the following goods: SPORTING GOODS, SPECIFICALLY TENNIS BALLS, BASKETBALLS, BASEBALLS, SOCCER BALLS, GOLF BALLS, CROSS BOWS, TENNIS RACKET STRINGS AND SHUTTLECOCKS, were reregistered and declared incontestable in favor of plaintiff, pursuant to Title 15, United States Code, section 1065. The Plaintiff uses and licenses its well known STEALTH Mark to Jas D. Easton, Inc. for use on a line of baseballs.

> **ANSWER**: Defendants are without knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 8, and therefore deny the same.

9. All the registrations described above were at all times hereto and are presently in good standing, in full force and effect, and in use by Plaintiff. All registrations are in bold, black, block letters and have not been cancelled or abandoned by plaintiff.

> **ANSWER**: Defendants are without knowledge and information sufficient to form a belief as to the truth of the averments in paragraph 9, and therefore deny the same.

10. Plaintiff's STEALTH trademark has become famous and created a distinctive designation of the origin of the products offered. As a result, plaintiffs STEALTH mark has gained widespread public recognition and good will and the public has come to associate this mark with the plaintiff. The Plaintiff asserts that the Defendant's unauthorized use of its ST.EALTH mark causes dilution of the Plaintiffs famous STEALTH mark under section 43(c) of the Lanham Act.

5

**ANSWER**: Defendants deny the allegations in paragraph 10.

11.     Notwithstanding plaintiffs well known and prior established rights tn the mark STEALTH, the defendants have recently commenced use in commerce a reproduction, copy, or colorable imitation of Plaintiffs said registered trademark in connection with a line of BASEBALL BATS (see Exhibit B).

**ANSWER**: Defendants deny the allegations in paragraph 11.

12.     Such use of Plaintiff's STEALTH trademark by Defendant was not and is not authorized by Plaintiff.

**ANSWER**: Defendants deny that any authorization by the Plaintiff to use the word STEALTH was or is required.

13.     Such use of Plaintiff's STEALTH trademark by defendant is causing and is likely to continue causing public confusion and public mistake as to the source of Defendant's products and, thereby, has deceived and will continue to deceive the public.

**ANSWER**: Defendants deny the allegations in paragraph 13.

14.     Such use by the Defendant of Plaintiff's STEALTH trademark in conjunction with the word STEALTH without the consent of Plaintiff infringes on Plaintiffs well known STEALTH trademark, thereby subjecting Defendant to civil liability as described in Title 15, United States Code, section 1114(l)(a).

6

**ANSWER**:     Defendants deny the allegations in paragraph 14.


15.     Plaintiff learned of Defendant's infringing behavior in about March 10, 2004.

**ANSWER**:     Defendants deny the allegations in paragraph 15.


16.     Plaintiff has attempted to resolve the controversy amicably with the Defendant, but has been unsuccessful. (see group Exhibit C.)

**ANSWER**:     Defendants deny the allegations in paragraph 16.


17.     As a result of the aforesaid behavior on the part of Defendant, Plaintiff has suffered and will continue to suffer severe and irreparable injuries for which no adequate remedy at law exists..

**ANSWER**:     Defendants deny the allegations in paragraph 17.

WHEREFORE, Defendants respectfully requests that this Court enter judgment in their favor and against Plaintiff, that it award to Defendants the costs and fees associated with defending this action, and for any and all other relief this Court deems just and equitable.


### Count II

1-17.     Plaintiff repeats and realleges herein by reference paragraphs 1 through 17 of Count I as and for paragraphs I through 17 of Count II.

**ANSWER:**     Defendants incorporate their answers to paragraphs 1 through 17 of

the Complaint as though they were fully set forth herein.

7

18.     Defendant, in violation of title 15, United States Code, section 1125(a), affixed, applied, annexed, or used, in connection with defendant, line of BASEBALL BATS, as aforesaid, and the container and packaging thereof, a false designation of origin for said BASEBALL BATS, which indicated that the origin of said BASEBALL BATS was Plaintiff.

**ANSWER**:     Defendants deny the allegations in paragraph 18.

19.     Said falsely designated BASEBALLS BATS for use with computers were placed into commerce by Defendant, some of which falsely designated items being sent to and advertised on the internet and in this district for retail sale.

**ANSWER**:     Defendants deny the allegations in paragraph 19.

20.  Plaintiff is likely to be damaged by such false representation of origin as Plaintiff's valuable, registered STEALTH trademark is thereby subjected to commercial disparagement and misuse by Defendant's inferior products, over which Plaintiff has no control over quantity or quality.

**ANSWER**:     Defendants deny the allegations in paragraph 20.

WHEREFORE, Defendants respectfully requests that this Court enter judgment in their favor and against Plaintiff, that it award to Defendants the costs and fees associated with defending this action, and for any and all other relief this Court deems just and equitable.

8

## Count III

Defendants have separately moved to dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Therefore, no answer is required to the allegations in Count III of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

The Defendants, GEORGE BRETT and BRETT BROTHERS SPORTS INTERNATIONAL, INC., deny and continue to deny any and all claims made by the Plaintiff, and deny that they are required to raise the following defenses in the affirmative, but these defenses are being raised in the alternative so as to prevent waiver. Further, the following defenses apply to all counts of the Plaintiff's Complaint:

### AFFIRMATIVE DEFENSE ONE:
### FAILURE TO STATE A CAUSE OF ACTION

Counts I, III and III of Plaintiff's Complaint fail to state a claim against the Defendants upon which relief can be granted.

### AFFIRMATIVE DEFENSE TWO:
### UNENFORCEABILITY

Defendants deny and continue to deny that they are liable for the claims made by Plaintiff. Without waiving this denial, Plaintiff's alleged trademark registrations may be invalid or void and, therefore, each registration is unenforceable.

### AFFIRMATIVE DEFENSE THREE:
### NO LEGAL INTEREST

Defendants deny and continue to deny that they are liable for the claims made by

9

Plaintiff. Without waiving this denial, Plaintiff's may not hold a legal interest in registrations identified in paragraph 7 of the Complaint.

### AFFIRMATIVE DEFENSE FOUR:
### NO LIKELIHOOD OF CONFUSION

Defendants deny and continue to deny that they are liable for the claims made by Plaintiff. However, even if Plaintiff did have a registered trademark, Plaintiff's Complaint has no reasonable basis in fact or law as Plaintiff cannot show any likelihood of confusion. .

### AFFIRMATIVE DEFENSE FIVE:
### ABANDONMENT

Defendants deny and continue to deny that they are liable for the claims made by Plaintiff. However, even if Plaintiff did have a registered trademark, Defendants did not infringe upon the mark because Plaintiff abandoned the mark by not using it connection with an established, presently existing and on-going business.

### AFFIRMATIVE DEFENSE SIX:
### DIFFERENT GOODS

Defendants deny and continue to deny that they are liable for the claims made by Plaintiff. However, even if Plaintiff did have a registered trademark, Defendants did not infringe upon the mark because, to the extent that Plaintiff used the name "Stealth," Plaintiff and Defendants used the mark on entirely different goods.

### AFFIRMATIVE DEFENSE SEVEN:
### COMMON NAME

Defendants deny and continue to deny that they are liable for the claims made by Plaintiff. However, even if Plaintiff did have a registered trademark, Defendants did not infringe

upon the mark because, to the extent that Plaintiff used the name "Stealth," the mark is a weak mark and common name that cannot be afforded protection under the law.

## AFFIRMATIVE DEFENSE EIGHT:
### NO CONCURRENT USE

Defendants deny and continue to deny that they are liable for the claims made by Plaintiff. However, even if Plaintiff did have a registered trademark, Defendants did not infringe upon the mark because, to the extent that Plaintiff used the name "Stealth," there is no concurrent use, sale, distribution or production of any products by both Plaintiff and Defendant.

## AFFIRMATIVE DEFENSE NINE:
### DEGREE OF CARE

Defendants deny and continue to deny that they are liable for the claims made by Plaintiff. However, even if Plaintiff did have a registered trademark, Defendants did not infringe upon the mark because consumers purchasing Defendants products exercise a degree of care such that consumers would not confuse any products between Plaintiff and Defendants.

## AFFIRMATIVE DEFENSE TEN:
### NO ACTUAL CONFUSION

Defendants deny and continue to deny that they are liable for the claims made by Plaintiff. However, even if Plaintiff did have a registered trademark, Plaintiff cannot establish that Defendants infringed upon the mark because Plaintiff cannot establish actual confusion among consumers.

## AFFIRMATIVE DEFENSE ELEVEN:
### NO PRIOR USE

Defendants deny and continue to deny that they are liable for the claims made by

Plaintiff. However, even if Plaintiff did have a registered trademark, Plaintiff cannot establish that Defendants infringed upon the mark because Plaintiff cannot establish use of the mark prior to Defendants' use.

### AFFIRMATIVE DEFENSE TWELVE:
### MITIGATION

Defendants deny and continue to deny that they are liable for the claims made by Plaintiff. However, even if Plaintiff did have a registered trademark, Plaintiff has an affirmative duty to mitigate the damages claimed. To the extent that Plaintiff failed to mitigate its damages, Plaintiff is barred from recovery against Defendants.

### AFFIRMATIVE DEFENSE THIRTEEN:
### LACHES

Defendants deny and continue to deny that they are liable for the claims made by Plaintiff. However, even if Plaintiff did have a registered trademark, the doctrine of laches bars recovery by Plaintiff for any alleged infringement because Plaintiff's delay in filing this suit and its lack of diligence has unfairly harmed Defendants and unfairly prejudiced Defendants in their ability to defend against the allegations raised by Plaintiff.

WHEREFORE, Defendants pray that this Honorable Court enter a judgment in their favor and against Plaintiff, with costs assessed and attorneys' fees.

GEORGE BRETT and **BRETT**
**BROTHERS SPORTS INTERNATIONAL, INC.**

By: _____

One of Defendants' Attorneys

12

James F. Best
BEST, VANDERLAAN & HARRINGTON
25 E. Washington St., Suite 210
Chicago, Illinois 60602
tel: (312) 819-1100

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused to be served the foregoing document(s) with enclosures referred to therein, if any, by mailing copies to the attorney(s) of record by depositing same into the U.S. Mail, with proper postage prepaid, at 25 E. Washington St., Chicago, IL 60602, on this ___4___ day of ___August___, 2004.